**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

TIMOTHY A. TURNER,                          :
                                            :
                    Plaintiff,              :          Civ. No. 15-5942 (RBK) (AMD)
                                            :
          v.                                :
                                            :          **OPINION**
JANE DOE, et al.,                           :
                                            :
                    Defendants.             :
_____      :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff is a federal inmate currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.      BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names six defendants in this case: (1) Jane Doe – UNICOR Director of Operation; (2) J.T. Shartle – Former Warden at F.C.I. Fairton; (3) M. Norwood – Acting Regional

Administrative Coordinator; (4) John Doe – Central Office Administrator Coordinator; (5) Ms. Scott – UNICOR Factory Manager; and (6) Mr. Gonzales – UNICOR Staff Member.

Plaintiff worked for UNICOR at F.C.I. Fairton while incarcerated from 2010 until September 2014. Plaintiff performed his work at a high level and never received a bad or poor work performance report. In 2014, the UNICOR factory was forced to make job cuts and layoffs. Plaintiff states that Mr. Gonzales used his experience to manipulate the new factor manager, Ms. Scott, into removing plaintiff from his work assignment so that he could replace him with a friend of his who was Spanish.

Plaintiff states that his Fifth and Fourteenth Amendment rights to be free from racial discrimination were violated in regards to his prison employment. Furthermore, he claims that Shartle is liable because he did not resolve the problem when he filed an administrative remedy. Plaintiff seeks monetary damages from the defendants as relief.

### III.    STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal,* "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of

factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Belmont v. MB Inv. Partners, Inc.,* 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal,* 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

B.  <u>*Bivens* Actions</u>

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk,* 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young,* 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy,* 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials); *see also Collins v. F.B.I.,* No. 10–3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought

---

Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223, (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim) (citations omitted).

against state officials' and thus the analysis established under one type of claim is applicable

under the other.") (internal quotation marks and citations omitted).

## IV.   DISCUSSION

Plaintiff asserts that his right to be free from racial discrimination was violated by his

removal from his prison job. While "inmates have no right to a particular job assignment while

they are incarcerated, *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989), prison officials cannot

discriminate against an inmate by making a job assignment on the basis of race." *Williams v.*

*Fed. Bureau of Prisons & Parole Comm'n*, 85 F. App'x 299, 305 (3d Cir. 2004) (citing *Cruz v.*

*Beto*, 405 U.S. 319, 321 (1972)); *see also Quinn v. Cunningham*, 879 F. Supp. 25, 27 (E.D. Pa.

1995) ("Although the plaintiff has no right to any particular prison job, prison officials cannot

discriminate against him on the basis of his race in work assignments.") (citing *Williams v.*

*Meese*, 926 F.2d 994, 998 (10th Cir. 1991); *Black v. Lane*, 824 F.2d 561, 562 (7th Cir. 1987);

*Bentley v. Beck*, 625 F.2d 70, 70-71 (5th Cir. 1980)), *aff'd by*, 85 F.3d 612 (3d Cir. 1996).

To properly allege an equal protection claim on the basis of race, a plaintiff must allege

that he was discriminated because of his membership in a protected class. *See Lande v. City of*

*Bethlehem*, 457 F. App'x 188, 192 (3d Cir. 2012); *see also Oliveira v. Twp. of Irvington*, 41 F.

App'x 555, 559 (3d Cir. 2002) ("In order to establish prima facie case of discrimination under

the Equal Protection Clause, appellants needed to prove that they were members of the a

protected class and that they received different treatment than that received by other similarly-

situated individuals.") (citing *Kennan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992)).

However, in this case, plaintiff fails to even specify what his race is or the races of the

defendants who removed him from his prison job such that he does not allege that he is a

member of a protected class. *See, e.g.*, *McGhee v. Thomas Jefferson Univ. Hospital*, No. 12-

2919, 2013 WL 4663541, at *4 (E.D. Pa. Aug. 29, 2013) (plaintiff fails to allege that she is a member of a protected class when complaint does not allege her race or the races of any of her supervisors) (citing *Doe v. Sizewise Rentals, LLC*, 530 F. App'x 171, 174 (3d Cir. 2013)); *Scavone v. Pennsylvania State Police*, No. 09-1623, 2011 WL 6100621, at *4 (M.D. Pa. Dec. 7, 2011) (finding plaintiff failed to show equal protection claim when he failed to allege the protected class of which he was a member); *aff'd by*, 501 F. App'x 179 (3d Cir. 2012). Furthermore, rather than allege that he was removed from his prison job because of his race, it appears based on the complaint that plaintiff alleges he was removed from his prison job so that Gonzales could replace plaintiff with a friend of his who was Hispanic.

Because plaintiff does not allege that he is a member of a protected class, it is possible that he is attempting to proceed with his equal protection claim under a "class-of-one" theory. To state a "class-of-one" equal protection claim, a plaintiff needs to "allege[ ] that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). "[A]t the very least, to state a claim under that theory, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). To the extent that plaintiff is attempting to bring a "class-of-one" theory, he also fails to state a claim. The complaint does not allege the existence of similarly situated individuals. *See id.*

Finally, to the extent that plaintiff is attempting to allege a claim against Shartle for his failure to properly respond to his prison grievances, plaintiff's allegations in the complaint still do not state a claim upon which relief may be granted. First, as indicated above, based on the

allegations on the complaint, plaintiff has failed to show any underlying deprivation of his constitutional rights that Shartle should have responded to. Furthermore, it is worth noting that a plaintiff appealing grievances to the prison administrator is typically not enough to impose knowledge against the prison administrator of the wrongdoing. *See Gordan v. Scarborough*, No. 12-1057, 2013 WL 1145754, at *4 (D. Del. Mar. 18, 2013) ("[A]fter-the-fact review of a grievance is not enough to establish personal involvement for a § 1983 claim."); *Croom v. Wagner,* No. 06–1431, 2006 WL 2619794, at *4 (E.D.Pa. Sept.11, 2006) ("[N]either the filing of a grievance nor an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing.") (citing *Rode*, 845 F.2d at 1208; *Pressley v. Blaine,* No. 01–2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D.Pa. May 17, 2006) (citing *Garfield v. Davis,* 566 F. Supp. 1069, 1074 (E.D.Pa.1983))); *see also Brooks v. Beard*, 167 F. App'x 925, 925 (3d Cir. 2006) (allegations that prison officials responded inappropriately to inmate's later filed grievances do not establish the involvement of those officials in underlying deprivation); *Alexander v. Gennarini,* 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior.* The District Court properly dismissed Alexander's claims as against Defendants Klem and Burks, as the allegations related to these defendants merely assert their involvement in the post-incident grievance process.") (internal citation omitted.

## V.    CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice as plaintiff fails to state a claim upon which relief may be granted. Because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted

herein, plaintiff will be given leave to file a proposed amended complaint should he elect to do

so. An appropriate Order will be entered.


DATED:   September 15, 2015

                                            s/Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge