NOT FOR PUBLICATION                                         (Docs. No. 21, 33, 45)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Timothy A. TURNER, | |
| Plaintiff, | Civil No. 15-5942 (RBK/JS) |
| v. | **Opinion** |
| JANE DOE, et al., | |
| Defendant(s). | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Timothy A. Turner's ("Plaintiff") Complaint against Defendants Jane Doe, J.T. Shartle, Mr. Norwood, John Doe, Donna Scott, and William Gonzalez ("Defendants") asserting claims of race discrimination and procedural due process (Doc. No. 4). Currently before the Court is Plaintiff's Motions for Summary Judgment (Docs. No. 21, 33) and Defendant Donna Scott's ("Defendant Scott") Motion for Summary Judgment (Doc. No. 45). For the reasons expressed below, Plaintiff's Motions are **DENIED** and Defendant Scott's Motion is **GRANTED**.

I. BACKGROUND

   A. Factual Background

Plaintiff is an African-American inmate at the Federal Correctional Institution in Fairton, New Jersey. Pl.'s Statement of Undisputed Material Facts ("SMF") 1 (Doc. No. 21); Pl. Decl. ¶ 2

(Doc. No. 33).¹ Plaintiff worked in the electronics factory ("the Factory") that was part of the Federal Prison Industries, Inc., or UNICOR, program. Pl.'s SMF 1 (Doc. No. 21); Def.'s SMF ¶ 3. Plaintiff held a position of Electronics Assembler and was training to be a Clerk for Cable Operation No. 2. Def.'s SMF ¶¶ 3, 17. In September 2014, Plaintiff claims he was informed by his supervisor Foreman William Gonzalez, who is Hispanic, that he was being removed from his position due to a reduction of jobs, but Plaintiff asserts he was actually replaced by a Hispanic inmate because of race discrimination. Pl.'s SMF 1 (Doc. No. 21). When Plaintiff asked Gonzalez the reason he was being replaced and requested transfer to another department, Gonzalez supposedly became irate, used a marker to black out Plaintiff's written transfer request, and threatened to assign Plaintiff to pick up trash. *Id.* at 1–2. Defendant Scott was allegedly aware of Gonzalez actions and took no action to correct them. *Id.* at 2.

Defendant Scott disputes Plaintiff's narrative, contending that Gonzalez never removed Plaintiff but merely told him the Factory could not afford to obtain a software license for him to become a Clerk. Def. Scott's SMF ¶¶ 23–26. When Plaintiff heard that decision, he stated he was quitting and never returned to work. *Id.* ¶¶ 33, 36. On October 9, 2014, Defendant Scott completed the paperwork to terminate Plaintiff because he had not appeared at work since September 29, 2014. *Id.* ¶ 38. On October 13, 2014, Defendant Scott reassigned another inmate who already had the requisite software license to serve as Clerk for Cable Operation No. 2. *Id.* ¶¶ 41–42. Defendant Scott maintains that she at no point was aware of any discriminatory actions by Gonzalez towards Plaintiff. *Id.* ¶ 46.

Plaintiff proceeded to initiate the administrative remedy process. On October 31, 2014,

---

¹ Local Civil Rule 56.1 requires that the movant for summary judgment furnish a statement of undisputed material facts where each fact cites to affidavits or other documents and is in a separately numbered paragraph. Courts may relax this rule where the party is a *pro se* litigant, and this Court will do so in this case.

Plaintiff filed a Request for Administrative Remedy that alleged Gonzalez racially discriminated against Plaintiff, Rugenus Decl. Ex. 2, which the Warden denied, *id.* Ex. 3. On January 15, 2015, Plaintiff submitted a Regional Administrative Remedy Appeal, *id.* Ex. 4, and that appeal was also denied, *id.* Ex. 5. The parties dispute whether Plaintiff submitted a final appeal to the Central Office, General Counsel. Plaintiff states that he sent the final appeal on March 15, 2015, Pl.'s Letter ¶ 7 (Doc. No. 44), while Defendant Scott proffers evidence that the Bureau of Prison's ("BOP") Administrative Remedy database has no record of any final appeal by Plaintiff, Rugenus Decl. Ex. 1.

### B.     Procedural History

Plaintiff filed a Complaint against Defendants on August 3, 2015 (Doc. No. 1). The Court dismissed the Complaint without prejudice for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) on September 15, 2015 (Doc. No. 3). Plaintiff filed an Amended Complaint on October 6, 2015 (Doc. No. 4), and the Court permitted the Amended Complaint to proceed past screening as to the claims against Defendants Scott and Gonzalez (Doc. No. 5). Defendant Scott submitted an Answer on April 1, 2016 (Doc. No. 19). On April 4, 2016 and July 29, 2016, Plaintiff filed two Motions for Summary Judgment that are presently before this Court (Docs No. 21, 33), and on November 10, 2016, Defendant Scott filed her Motion for Summary Judgment also currently before this Court (Doc. No. 45).

## II.     LEGAL STANDARD

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least present probative evidence from which the jury might return a verdict in his favor. *Id.* at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**III. DISCUSSION**

Defendant Scott argues that she is entitled to summary judgment because Plaintiff failed to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") states: "[n]o action shall be brought with respect to prison conditions under the section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion is a mandatory prerequisite before a plaintiff files a civil rights action regarding prison conditions. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citations omitted). To determine whether a prisoner has exhausted his administrative remedies, the Court looks to the administration's, in this case the BOP's, applicable grievance procedure and rules. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). The BOP Administrative Remedy Program, 28 C.F.R. § 542.10 et seq., provides for review of inmate grievances at the institutional, Regional, and Central Office levels. Inmates must present grievances informally, and then if dissatisfied with the informal resolution, the inmate must submit a written Administrative Remedy Request. 28 C.F.R. §§ 542.13–542.14. If the inmate is not satisfied with the warden's response, he may appeal to the Regional Director, and then to the Central Office, General Counsel. 28 C.F.R. § 542.15(a). Administrative Remedy Appeal to the General Counsel is the final administrative appeal. *Id.* The General Counsel shall respond to the final appeal within 40 calendar days, and if the inmate receives no response within that time, he may consider it a denial. 28 C.F.R. § 542.18.

In the instant matter, Defendant Scott asserts there is no dispute that Plaintiff failed to complete the last step of the BOP grievance process, submitting a final appeal to the BOP's General Counsel. Plaintiff's SMFs do not advance that he did complete a final appeal, but he states in a letter to the Court that he filed a last appeal on March 15, 2015. Although Local Civil Rule 56.1 states that courts should only consider facts asserted in the parties' SMFs, this Court has discretion to relax the rule where the litigant is *pro se* and to look beyond the SMFs to the record. *See, e.g.*, *Oguguo v. Wells Fargo Bank*, No. Civ. 14-2383 (SRC), 2016 WL 3041853, at *1 n.3 (D.N.J. May 27, 2016). Here, Plaintiff makes factual assertions regarding when and to what address he supposedly submitted his final appeal to the General Counsel. The credibility of

5

Plaintiff's contentions is an issue of credibility reserved for the trier of fact to assess. As such, the Court will not grant summary judgment against Plaintiff on that basis.

Defendant Scott also argues that Plaintiff did not exhaust administrative remedies as to his claims against Defendant Scott, by failing to raise allegations against Defendant Scott in either his Administrative Remedy Request or Administrative Remedy Appeal. "[W]hether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures." *See Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010). The BOP's Administrative Remedy Procedure notes that "[t]he inmate shall place a single complaint or a reasonable number of closely related issues on the [administrative remedy] form." 28 C.F.R. § 542.14(c)(2). Furthermore, "[a]n inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2).

The Third Circuit has not addressed the issue of the level of specificity required in a grievance but has noted that "[t]he primary purpose of a grievance is to alert prison officials to a problem." *Williams v. Beard*, 482 F.3d 637, 640 (3d Cir. 2007). This language has led this and at least one other court in this District to adopt the standard adopted by some circuit courts, "that a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *See Olivares v. United States*, No. 07–3476, 2010 WL 5251429, at *4 (D.N.J. Dec. 16, 2010) (citing *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002))). The Court sees no reason to reject this methodology and Defendant Scott cites no binding precedent that that requires a heightened specificity standard. Accordingly, the Court will analyze whether Plaintiff's administrative remedy request provided the BOP with sufficient notice of the nature of the wrong for which Plaintiff now seeks relief.

Plaintiff's Request for Administrative Remedy describes Gonzalez's conduct regarding Plaintiff's job assignment and alleges Gonzalez racially discriminated against him. Plaintiff's Regional Administrative Remedy Appeal also focuses on the supposed actions of Gonzalez. Nowhere in either filing does Plaintiff allege misconduct in supervision, on the part of Defendant Scott or any other officials. Absent any reference to the acts of Defendant Scott or supervisors in general, the Court cannot find that Plaintiff provided the prison adequate notice of the nature of the wrongs asserted. Accordingly, Plaintiff's claims against Defendant Scott were procedurally defaulted, and the Court grants summary judgment for Defendant Scott.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's Motion for Summary Judgment and Motion for Partial Summary Judgment are **DENIED** and Defendant Scott's Motion for Summary Judgment is **GRANTED**.


Dated:   12/19/2016                                          s/ Robert B. Kugler

                                                                                    ROBERT B. KUGLER

                                                                                    United State District Judge