NOT FOR PUBLICATION (Doc. No. 42)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Timothy A. TURNER, | |
| Plaintiff, | Civil No. 15-5942 (RBK/JS) |
| v. | **Opinion** |
| JANE DOE, et al., | |
| Defendant. | |

**KUGLER**, United States District Judge:

Plaintiff Timothy A. Turner ("Plaintiff"), *pro se*, brings this action against Defendants Jane Doe, J.T. Shartle, Mr. Norwood, John Doe, Donna Scott, and William Gonzalez asserting claims of race discrimination and procedural due process. Currently before the Court is Plaintiff's Motion for Default Judgment against Defendant Gonzalez (Doc. No. 42). For the following reasons, Plaintiff's Motion is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court provided a more detailed recital of the facts in its December 19, 2016 Opinion denying Plaintiff's Motions for Summary Judgment (Doc. Nos. 21, 33) and granting Defendant Scott's Motion for Summary Judgment (Doc. No. 45). *Turner v. Doe*, No. Civ. 15-5942 (RBK/JS), 2016 WL 7341708, at *1 (D.N.J. Dec. 19, 2016). Therefore, the Court will only provide a summary of the procedural history to resolve the instant motion.

Plaintiff submitted a Complaint on August 3, 2015 (Doc. No. 1). Plaintiff's *in forma pauperis* application was granted, and the Complaint was filed on September 15, 2015 (Doc. No. 3). The Clerk's Office transmitted the U.S. Marshals Service Form 285 on December 3, 2015 (Doc. No. 6), and the Marshals Service received the returned 285 Forms on December 16, 2015 (Doc. No. 8). The Clerk's Office issued summons to Defendants, including Defendant Gonzalez, on December 16, 2015 (Doc. No. 9). However, the Clerk's Office never received a completed summons or waiver of service from the Marshals Service with regard to Defendant Gonzalez. On November 1, 2016, Defendant filed the present Motion for Default Judgment against Defendant Gonzalez (Doc. No. 42). On March 17, 2017, the Marshals Service returned an executed Summons for Defendant Gonzalez showing service (Doc. No. 55).

## II.     LEGAL STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. Under Federal Rule of Civil Procedure 12(a)(2)–(3), a United States officer or employee sued only in an official capacity has 60 days after service to serve an answer to a complaint. Defendant Gonzalez was served on March 17, 2017 and, as such, he must serve an answer by May 16, 2017. Because Defendant Gonzalez's deadline to serve an answer has not passed, Plaintiff is not entitled to default judgment at this time. The Court denies the Motion for Default Judgment without prejudice.

The Court notes that service on Defendant Gonzalez was effectuated more than 90 days after the Complaint was filed. Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

However, if a plaintiff shows "good cause" for the failure to timely serve the complaint, the court "must extend" the time for service. *Id.* Good cause exists where there is a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomm. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995) (citations omitted). Some of the factors courts examine in determining whether good cause exists include: (1) the reasonableness of the plaintiff's efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiff moved for an enlargement of time to serve. *Id.* A court, at the plaintiff's request, may order that service be made by the Marshals Service if the plaintiff is proceeding *in forma pauperis*. The Marshals Service's failure to effectuate service may constitute good cause, so long as the plaintiff properly identified the named defendant. *Novak v. Posten Taxi Inc.*, 386 F. App'x 276, 277 (3d Cir. 2010).

In this case, Plaintiff relied on the Marshals Service to serve Defendant Gonzalez. The Marshals Service did not return a failure to effectuate service, and it is unclear why Defendant Gonzalez was not served within the 90 days prescribed by Rule 4(m). Furthermore, the Marshals Service ultimately succeeded in serving Defendant Gonzalez using the information provided by Plaintiff. Given that Plaintiff relied on the Marshals Service to complete service and the delay does not appear to be Plaintiff's fault, the Court will not dismiss the action against Defendant Gonzalez under Rule 4(m).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **DENIED**.

Dated:   3/30/2017                                                                           s/ Robert B. Kugler
                                                                                                                         ROBERT B. KUGLER
                                                                                                                         United State District Judge