NOT FOR PUBLICATION (Doc. No. 52)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Timothy A. TURNER, | : |
| Plaintiff, | : Civil No. 15-5942 (RBK/JS) |
| v. | : **Opinion** |
| JANE DOE, et al., | : |
| Defendant(s). | : |

**KUGLER**, United States District Judge:

Plaintiff Timothy A. Turner ("Plaintiff") brings this action against Defendants Jane Doe, J.T. Shartle, Mr. Norwood, John Doe, Donna Scott, and William Gonzalez ("Defendants") asserting claims of race discrimination and procedural due process. Currently before the Court is Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 52). For the following reasons, Plaintiff's Motion is **DENIED**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court provided a more detailed recital of the facts in its December 19, 2016 Opinion denying Plaintiff's Motions for Summary Judgment (Docs. No. 21, 33) and granting Defendant Donna Scott's ("Defendant Scott") Motion for Summary Judgment (Doc. No. 45) ("Opinion"). *Turner v. Doe*, Civ. No. 15-5942 (RBK/JS), 2016 WL 7341708, at *1 (D.N.J. Dec. 19, 2016). Therefore, the Court will only provide a brief summary sufficient to resolve the instant motion. Plaintiff is an African-American inmate who was working in the electronics factory as part of the Federal Prison Industries, Inc., or UNICOR, program. *Id.* Plaintiff was terminated from his

position by his supervisor William Gonzalez, allegedly for racially discriminatory reasons. *Id.* Gonzalez's supervisor, Defendant Scott, was supposedly aware of Gonzalez's actions but took no remedial action. *Id.* Defendant Scott avers that Plaintiff was terminated because he stopped appearing at work and maintains that she was unaware of any discrimination on the part of Gonzalez. *Id.* Plaintiff proceeded to initiate the administrative remedy process regarding the above events, and he submitted a request for informal resolution, Request for Administrative Remedy, and Regional Administrative Remedy Appeal. *Id.* None of the documents contain any discussion of Defendant Scott's alleged failure to properly supervise. *See id.* at *3.

Plaintiff brought a Complaint on August 3, 2015 (Doc. No. 1). Plaintiff subsequently filed Motions for Summary Judgment (Docs. No. 21, 33), and Defendant Scott filed a Motion for Summary Judgment (Doc. No. 45). The Court denied Plaintiff's Motions and granted summary judgment in favor of Defendant on December 19, 2016 (Docs. No. 49, 50). On January 3, 2017, Plaintiff brought the present Motion to Alter or Amend Judgment (Doc. No. 52).

## II.   LEGAL STANDARD

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. Civ. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. Civ. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a

clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe* ex. rel. *Lou-Ann v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). "The word 'overlooked' is the operative term in the Rule." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); L. Civ. R. 7.1(i).

### III.   DISCUSSION

Plaintiff claims that he exhausted administrative remedies in regards to his claim against Defendant Scott because she signed the request for informal resolution and thus was aware of the claims against her. Plaintiff also argues that he mentioned Defendant Scott in what appears to be another appeal document. The Court finds Plaintiff's arguments baseless. In order to exhaust administrative remedies, the plaintiff must comply with the prison's grievance procedures. *See Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010). "The primary purpose of a grievance is to alert prison officials to a problem." *Williams v. Beard*, 482 F.3d 637, 640 (3d Cir. 2007). Plaintiff points to one appeals request signed by Defendant Scott and another request that mentions Defendant Scott; however, neither document make any mention of her supposed failure to properly supervise Gonzalez and thus do not provide notice of the claims against her. The Court finds that the Motion to Alter or Amend Judgment fails to present any legal or factual issues that would alter the Court's decision on the parties' motions for summary judgment. The Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

Dated: 2/27/2017                                            s/ Robert B. Kugler

                                                                        ROBERT B. KUGLER

                                                                        United State District Judge