UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIMOTHY A. TURNER,

    Plaintiff,

v.

JANE DOE, et al.,

    Defendants.

Civ. No. 15-5942 (RBK) (AMD)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, Timothy A. Turner, is a federal prisoner currently incarcerated at FCI Schuylkill in Minersville, Pennsylvania. He is proceeding *pro se* with an amended complaint alleging a violation of his Fifth Amendment equal protection rights in his prison employment. (ECF No. 7). On May 18, 2018, the Court granted summary judgment in favor of Defendant William Gonzalez, the only remaining Defendant. (ECF No. 87). Currently before the Court are Plaintiff's motion to alter judgment (ECF No. 88), motion "objecting" to the denial of his motion for the appointment of counsel (ECF No. 93), motion to stay judgment (ECF No. 94), motion to amend the complaint (ECF No. 95), and motion to amend his motion to stay judgment (ECF No. 96). For the following reasons, the Court will deny Plaintiff's motions and affirm Magistrate Judge Donio's August 7, 2018, Order denying appointment of counsel.

**I.    BACKGROUND**

As discussed more thoroughly in the Court's May 18, 2018, Opinion (ECF No. 86), at all times relevant to the allegations in the amended complaint, Plaintiff was incarcerated at FCI Fairton in New Jersey. (*See* ECF No. 70-2, at 1). Plaintiff, an African-American inmate, worked

in the electronics factory (the "Factory") that was part of the Federal Prison Industries ("UNICOR") program from October 2010 to September 2014. (*See id.* at 2; ECF No. 75-1, at 1).

According to Defendant William Gonzalez, a UNICOR foreman, Plaintiff held the position of electronics assembler and was training to become a clerk at cable operations. (*See* ECF No. 70-2, at 2–3). To perform the duties of a clerk, an inmate requires access to a software license, which costs approximately $3,000. (*See id.* at 2). On September 29, 2014, Defendant Gonzalez informed Plaintiff that due to financial difficulties, the Factory could not afford to obtain a software license for him to become a clerk. (*See* ECF No. 70-2, at 3–4). When Plaintiff learned of the decision, he stated that he was quitting and never returned to work. (*See id.* at 5). Former Defendant Donna Scott ultimately reassigned another inmate who already had the requisite license to serve as clerk. (*See id.* at 5–6).

Plaintiff disputes Defendant Gonzalez's factual narrative. Plaintiff contends that from May to September 2014, he already held the position of clerk on Cable Operation No. 2. (*See* ECF No. 75, at 2). While Plaintiff agrees that Defendant Gonzalez, who is Hispanic, informed him that he was being removed from his position due to a reduction of jobs, Plaintiff asserts that a Hispanic inmate replaced him because of racial discrimination. (*See id.* at 7).

On August 3, 2015, Plaintiff filed a civil complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* ECF No. 1). On September 15, 2015, the Court granted Plaintiff's application to proceed *in forma pauperis* and dismissed the complaint without prejudice for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (*See* ECF No. 3). Plaintiff filed an amended complaint on October 6, 2015, and the Court permitted the amended complaint to proceed past screening as to the claims against Defendants Scott and Gonzalez. (*See* ECF No. 5).

After some litigation, on December 19, 2016, this Court granted summary judgment as to Defendant Scott. (*See* ECF No. 42). On March 17, 2017, the Marshals Service was able to execute a summons on Defendant Gonzalez. (*See* ECF Nos. 49, 50). Ultimately, the Court granted Defendant Gonzalez's motion for summary judgment on May 18, 2018 (ECF No. 87). More specifically, in light of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), this Court declined to extend a *Bivens* remedy to an action for damages based on a claim of racial discrimination under the Fifth Amendment, in a prison-workplace environment. (ECF No. 87, at 11).

## II. STANDARD OF REVIEW

Local Civil Rule 7.1(i) governs motions to alter judgment under Federal Rule of Civil Procedure 59(e) and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high" and courts should "only sparingly" grant reconsideration. *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a party has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

## III. DISCUSSION

### A. Plaintiff's Motion to Alter Judgment and Related Motions

After reviewing Plaintiff's submissions, the Court will deny his motion to alter judgment. In its earlier Opinion, the Court engaged in the multi-step framework for determining whether

Defendant Gonzalez's alleged actions established a cognizable *Bivens* claim. First, the Court found that Plaintiff's Fifth Amendment discrimination claim was a new *Bivens* context because "none of the three prior *Bivens* cases addressed federal prisoners in the prison-employment context." (ECF No. 86, at 6–7 (citing *Alexander v. Ortiz*, No. 15-6981, 2018 WL 1399302, at *4–5 (D.N.J. Mar. 20, 2018) (finding that Fifth Amendment prison-employment discrimination claim presented a "new context" for *Bivens* cases)).

The Court then considered whether Plaintiff had any alternative remedies and concluded that he did not have an alternative remedial process for protecting his interest. *See Alexander*, 2018 WL 1399302, at *6 (finding no alternative remedy available for damages for a Fifth Amendment violation in the prison-employment context). Finally, the Court considered whether special factors warranted hesitation in extending a *Bivens* remedy. The Court determined, in light of *Ziglar*, *Alexander*, and the peculiar issues related to prison administration, that it should be left to the legislative and executive branches to determine whether an action for damages for racial discrimination exists in the prison-workplace environment. (ECF No. 86, at 10–11). Accordingly, having determined that Plaintiff had no cause of action, the Court granted summary judgment in favor of Defendant Gonzalez. (*Id*. at 11).

Plaintiff's arguments in seeking reconsideration demonstrate that he misunderstands the Court's prior Opinion. Plaintiff's first argument only refers to *Bivens* and other cases prior to the *Ziglar*, which stand for the general proposition that a *Bivens* remedy exists in other, already established contexts. (ECF No. 88, at 3–4). Plaintiff fails to address the Supreme Court's decision in *Ziglar*, 137 S. Ct. at 1857, which held that expanding *Bivens* to other contexts "is now a disfavored judicial activity," or meaningfully address this Court's reasoning in declining to extend *Bivens* in the prison-employment context.

Plaintiff also argues that the "Court granted summary judgment . . . without looking closely enough at the filed records and declarations to see that there were genuine material factual disputes." (ECF No. 88, at 5). As discussed above, however, this Court declined to extend a *Bivens* remedy to Fifth Amendment prison-employment discrimination claims. Without a remedy, "a cause of action *does not exist*." *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) (emphasis added). Consequently, without a cause of action, Plaintiff's contentions over certain facts or discovery in this case are inapplicable as they fail to establish a genuine issue of *material* fact.

Accordingly, the Court will deny Plaintiff's motion to alter judgment as Plaintiff has failed to show that: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677.

In turn, the Court also denies Plaintiff's motion to stay judgment (ECF No. 94), motion to amend the complaint (ECF No. 95), and motion to amend his motion to stay judgment (ECF No. 96). In each of these brief submissions, Plaintiff seeks to stay the Court's Order granting summary judgment (ECF No. 87), pending the result of his Freedom of Information Act, 5 U.S.C. § 552, requests for certain video and documentary evidence. As discussed above, however, without a cause of action, such evidence would be immaterial to the claim before the Court.

**B. Appeal of Magistrate Judge Decision**

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has authority to hear and determine non-dispositive pretrial matters. A district judge may reconsider these determinations on appeal if the decision was clearly erroneous or contrary to law.[1] 28 U.S.C. § 636(b)(1)(A); *N.L.R.B. v.*

---

[1] Some courts apply a heightened abuse of discretion standard "where an appeal seeks review of a procedural matter that a magistrate judge routinely is called upon to decide such as appointment of pro bono counsel." *Hennessey v. Atl. Cty. Dep't of Pub. Safety*, No. 06-143, 2008 WL 4691990,

*Frazier*, 966 F.2d 812, 816 (3d Cir. 1992). Decisions on motions to appoint counsel are non-dispositive. *E.g.*, *Christy v. Robinson*, 216 F. Supp. 2d 398, 406 (D.N.J. 2002).

The Supreme Court has defined the "clearly erroneous" standard as when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002). A magistrate judge's order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). The party filing the appeal has the burden of showing that the magistrate judge's ruling was clearly erroneous or contrary to law. *Exxon Corp. v. Halcon Shipping Co.*, Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994). Even if a district court disagrees with the magistrate's decision, the court should sustain the magistrate's ruling if it passes the "clear error" test. *Andrews v. Goodyear Tire & Rubber Co.*, Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).

In the present case, Plaintiff contends that Judge Donio "overlooked" certain evidence and objects to Judge Donio's characterization of his sixth motion for the appointment of counsel as "nearly identical" to his prior motions. Plaintiff also alleges that "he continues to fail" which demonstrates his lack of legal ability. Judge Donio did not, however, rely on the "nearly identical" nature of Plaintiff's motion, or Plaintiff's lack of legal ability in denying Plaintiff's motion. Rather, Judge Donio denied the motion because the "matter [was] closed and summary judgment

---

at *2 (D.N.J. Oct. 22, 2008); *see also Hopkins v. Medio*, No. 12-5134, 2015 WL 4770864, at *2 (D.N.J. Aug. 12, 2015). Because this Court finds that Judge Donio's ruling was not clearly erroneous or contrary to law, it is not necessary to apply the more deferential "abuse of discretion" standard. *Hennessey*, 2008 WL 4691990, at *2.

ha[d] been granted in favor of Defendant." (ECF No. 92, at 3 (finding that Plaintiff failed to explain why counsel was necessary to litigate the action given the current status of the case)).

In assessing whether to appoint counsel, a court must first assess whether the presented claims have merit, before engaging in an analysis of the relevant factors. *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993). In holding that Plaintiff has no cause of action and in granting summary judgment in favor of Defendant Gonzalez, this Court necessarily found that Plaintiff's claim lacked merit. Accordingly, Judge Donio's Order denying the appointment of counsel in light of the status of the case was neither clearly erroneous nor contrary to law.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion to alter judgment (ECF No. 88), motion "objecting" to the denial of his motion for the appointment of counsel (ECF No. 93), motion to stay judgment (ECF No. 94), motion to amend the complaint (ECF No. 95), and motion to amend his motion to stay judgment (ECF No. 96). Judge Donio's August 7, 2018, Order is affirmed. An appropriate order follows.

Dated: December 17th , 2018                   s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge

7